## Haslett *versus* Gillespie et al.

1. Where new machinery is furnished for and placed in an old mill the party supplying the same is not entitled to a mechanic's lien against the building.

2. Per TRUNKEY, J.—It is possible that if there had been repairs, alterations or additions to the building and the machinery had been furnished therefor, or had been rendered necessary thereby, the lien might attach.

October 8th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term 1880, No. 132.

This was a scire facias on a mechanic's lien filed by F. M. Haslett against a certain " factory building, mill, forge or iron works " and curtilage, and against T. A. Gillespie and others, owners or reputed owners and contractors, for certain " materials, machinery and fixtures," namely : a bolt-header and screw-cutter, &c., of the value of $640, furnished " for and about the alteration, repairing and addition to said building, mill or manufactory."

At the trial, the plaintiff made out, as he alleged, a prima facie case under the Act of May 1st 1861, Pamph. L. 550, and rested.

The Act of 1861 which was extended to the county of Allegheny by the Act of February 16th 1865, provides as follows :—

" That the said act, entitled, " An act relating to the lien of mechanics and others, upon buildings," approved the sixteenth day of June, Anno Domini one thousand eight hundred and thirty-six, together with the several supplements thereto, shall hereafter be held and taken to apply to debts contracted for work done or materials furnished for or about the repair, alteration of or addition to any house or other building, so that liens may hereafter be had for the payment of all debts contracted for work done or materials furnished for or about the repair, alteration of or addition to any house or other building, in the same manner as liens may now be had for debts contracted for work done or materials found for or about the erection or construction of any house or other building under the aforesaid act, approved June sixteenth, Anno Domini one thousand eight hundred and thirty-six, and the several supplements to said act: Provided, nevertheless, That this act shall not apply to debts, such as aforesaid, where the same are of less amount than twenty dollars : And provided, also, That this act shall apply only to Chester, Delaware and Berks counties."

[Haslett *v.* Gillespie.]

The defendants moved for a nonsuit for the following reasons :—

1. That the lien in this case is filed for materials, machinery and fixtures, furnished by claimant "for and about the alteration, repairing and addition to said building," and the proof of plaintiff is that they only furnished machinery to defendants. ·

2. That the claim should have been filed for the machinery and against the machinery and not for additions, alterations or repairs to said building.

3. That the testimony of plaintiff shows that the building was erected for at least one year before the furnishing of the machinery in plaintiff's bill, and does not pretend to show that the same was used or needed in the addition, alteration or repairs thereof.

4. That the lien, as filed, is against the whole building and grounds, whereas it should have been filed against the machinery alone, or against that part of the building where the machinery was situate, which should have been particularly described.

The court granted the nonsuit with leave to the plaintiff to move the court in banc to take it off.

A motion was made, when the court, Ewing, P. J., refused to take it off in an opinion saying :—

"The lien in this case is filed against the 'building, mill and manufactory' and the curtilage for machinery 'furnished· for and about the alteration, repairing and addition to said building, mill or manufactory.'

"The evidence shows that the building and factory had been erected and was in full operation long before the machines were furnished. No change was made or in contemplation either in the building or arrangement of the factory.

"Two separate machines were sold by the plaintiff to defendants and placed in the factory; the machines so fixed as to be run by belting in use for the other machinery; easily removable at any time.

"We do not interpret any Act or Acts of Assembly which have been pointed out to us as covering this case. It is not such an alteration, addition or repairs to the building, &c., as is contemplated in the Acts of Assembly, giving a right to file a lien against the building and curtilage. If the lien can be maintained under this evidence, every item of repairs or addition to the machinery of a mill or factory gives the right to file a lien against the whole, although the entire repair amounts to but $20. We cannot so interpret the Acts of Assembly.

"It is claimed that the ruling of Common Pleas, No. 1, in the cases of Robinson, Rea & Co. and James B. Young & Co. *v.* Glass, Neely & Co., decided in 1876, would sustain plaintiff's claim. We have examined the record in those cases and find that no such question was raised. Those cases were decided on motions for judgment for want of sufficient affidavit of defence. The liens

[Haslett *v.* Gillespie.]

alleged 'alterations and additions.' The affidavits of defence did not deny that additions and alterations had been made to the buildings and mill. The denial was of the right to file a lien for the kind of materials furnished.

"We would rule the same questions in the same way.

"This case also differs essentially from the case of Parrish's Appeal, 2 Norris 111, where large, visible and important alterations and additions were made on the entire furnace."

The plaintiff took this writ and assigned for error the entry of the nonsuit and the refusal to take it off.

*C. C. Dickey* and *John B. Herron, Jr.*, for plaintiff in error.—This case, which seems to be one of first impression, bears upon the construction of the Act of 1861. Does this act authorize a lien for repairs, alterations or additions in all cases in which, were it the case of a new erection, a lien might be filed under the old law? or does it extend solely to the structure of buildings proper and not to their contents, irrespective of their character or ownership? In brief, does it extend to machinery put into a mill, at the instance of its owner, to be operated as other similar machinery therein? We contend that it does.

The Act of March 17th 1806, Pamph. L. 300, was uniformly held by this court to authorize a lien for machinery for a mill or factory, as well as for materials used in the construction of the building proper: Gray *v.* Holdship, 17 S. & R. 413 ; Morgan *v.* Arthurs, 3 Watts 140 ; Wademan *v.* Thorp, 5 Id. 115.

The general Mechanics' Lien Law of 1836 provides that "every building erected within the several counties of this Commonwealth, to which the act (of 1806 already mentioned) and the several supplements thereto, now extends, shall be subject to a lien for the payment of all debts contracted for work done or materials furnished for or about the erection or construction of the same:" sect. 1, Act of June 16th 1836, Pamph. L. 695.

It is true that the Act of April 21st 1856, Pamph. L. 496, extends the provisions of the general Mechanics' Lien Law of 1836, Pamph. L. 496, and its supplements, to steam-engines, machinery, &c., but this court has expressly decided that there was a lien therefor under the Act of 1836, prior to the passage of this act.

The wording of the several acts is so nearly identical, and their meaning so obviously similar, that it seems almost gratuitous to argue that they should receive a like construction. The testimony shows that these machines were necessary, or at least proper, for the purposes of the mill, that they were similar to others in use therein, and that they were similarly operated, although the act imposes no such conditions. They were also fixed or fastened on foundations, and are, therefore, part and parcel of the mill itself:

Voorhis *v.* Freeman, 2 W. & S. 116 ; Pyle *v.* Pennock, Id. 390. The lien is correctly filed against the building and curtilage, and against the owners or reputed owners and contractors : Summerville *v.* Wann, 1 Wright 182.

. *Wm. L. Chalfant,* for defendants in error.—We submit the lien should have been filed under the Act of April 21st 1856 (Pamph. L. 496 ; Purdon, p. 1027, pl. 15), for said machinery, which provides : " The provisions of the act entitled, ' An act relating to the lien of mechanics and others upon buildings,' passed the 16th day of June 1836, and the supplements thereto be, and the same are hereby extended, as fully as the same are now applicable to buildings, to every steam-engine, coal breaker, or parts thereof, pump gearing, hoisting gearing, fixture or machinery, in and about mills of any kind, iron or coal works, coal mines and iron mines."

The testimony of the plaintiff was that he had furnished two machines, easily removable, and only to be used as machinery. There is here a fatal variance between the *allegata* and *probata :* Rynd *v.* Bakewell, 6 Norris 460. In that case it was held that the variance is fatal where a mechanic's lien is filed " for materials furnished for the erection and construction of buildings," and the evidence shows they were for " repairs." See, also, Pittsburgh's Appeal, 20 P. F. Smith 146.

The claim should set out the facts as they actually exist. This lien is filed for additions, alterations and repairs to a building. The facts are that the building was not altered or repaired, or was any addition made to it. Two separate machines were sold by the plaintiff to defendant, they were placed inside the building, and " easily removable at any time."

Mr. Justice PAXSON delivered the opinion of the court, October 25th 1880.

The single question which this record presents is, whether for new machinery furnished for and placed in an old mill, the party supplying the same is entitled to a lien against the building. The claim was evidently filed under the Act of May 1st 1861, Pamph. L. 550, Purdon 1028, and is for certain "materials, machinery and fixtures, namely : a bolt-header and screw-cutter, of the value of $640, furnished for and about the alteration, repairing and addition to said mill and manufactory." The aforesaid Act of 1861 certainly does extend the mechanics' lien law of, 1836, and its various supplements, to " debts contracted for work done or materials furnished for or about the repair, alteration of, or addition to any house or other building." In the case in hand the building was neither repaired, altered nor enlarged. Two machines, the one a bolt-header and the other a screw-cutter, were sold by the plaintiff to the defendants, and placed in the factory in such

[Haslett *v.* Gillespie.]

manner that they could be run by the belting already attached to the other machinery. They could be removed at pleasure, without detriment to the building or to any of the other machinery. The court below held that the machines referred to were not a repair, alteration or addition to the building within the meaning of the Act of Assembly, and entered a judgment of nonsuit against the plaintiff. The refusal of the learned judge to take off the nonsuit is assigned for error.

We cannot reverse this judgment without giving a forced construction to the language of the Act of Assembly. We were urged to do this at bar, for the reason that former Acts of Assembly relating to mechanics' liens, had been interpreted by this court so as to embrace subjects not enumerated therein, and attention was called to the fact that the Act of 1836, subjecting buildings to the lien of mechanics and material-men for work and materials furnished for and about their erection and construction, had been extended by judicial construction to machinery placed in a mill or factory at the time of its erection. It is true our mechanics' lien laws have generally been regarded as remedial, and have received a liberal construction. For myself I think it better the legislature should designate the different subjects for which a lien may be filed. If it intends to give a lien for new machinery placed in an old building it can be done by a few appropriate words. There is no evidence of such intention in the Act of 1861. The language of the act is so plain that a child can understand it.

Without referring in detail to the numerous cases arising under the Act of 1836 and its supplements, in which liens for machinery have been sustained, it will be found in all of them that the lien attached by reason of the erection and construction of a new building. In the recent case of Parrish & Hazzard's Appeal, 2 Norris 111, there was a new erection intended for an enlargement of the works, a substantial improvement, the construction of which enabled the lien for the new engine and boilers to attach. It is possible that if in the case in hand there had been any repairs, alterations or additions to the building, and the two machines had been furnished therefor, or had been rendered necessary thereby, a lien might have attached. It would have attached by reason of the repairs, alterations or additions to the building and the relation of the machinery thereto. It was urged, however, that under the above line of decisions the machines referred to were an addition, alteration or repair to the building in which they were placed. This would be carrying the doctrine of constructive liens too far. When the legislature referred to the repair of a building it did not mean a machine. It is true a piece of machinery may be so used in a building as to become a part of the freehold and pass by a sale thereof, or be bound by a mortgage or judgment: Voorhis *v.* Freeman, 2 S. & R. 116; Pyle *v.* Pennock, Id. 390. In a qualified

[Haslett *v.* Gillespie.]

sense it may be said to be a part of the building, and has sometimes, as we have seen, been the subject of a lien thereon.   It is more accurate, however, to speak of it as an appurtenant to the building which passes with the freehold.

No attempt was made to sustain this lien under the Act of 1856. Nor could it have been done successfully, as it does not come within the provisions of said act.

Judgment affirmed.

Justice TRUNKEY dissented.